IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **KYLE CERKONEY**, <br><br>    Defendant. | Case No. 3:21-cr-227-SI-02 <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

On November 4, 2021, Defendant Kyle Cerkoney pleaded guilty to one count of conspiracy to distribute 1,000 kilograms or more of marijuana and one count of conspiracy to launder monetary instruments. On August 22, 2022, the Court sentenced Mr. Cerkoney to a total term of imprisonment of 57 months, followed by five years of supervised release. On January 29, 2024, the Court reduced Mr. Cerkoney's imprisonment sentence to a total of 51 months, pursuant to 18 U.S.C. § 3582(c)(2). Mr. Cerkoney (BOP No. 66602-509) currently is serving his sentence at the Federal Residential Reentry Management Facility in Seattle, Washington (RRM Seattle). The Bureau of Prisons has scheduled Mr. Cerkoney for release on October 16, 2025.

On June 20, 2024, Mr. Cerkoney filed with the Court a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF 96. In his motion, Cerkoney, who is 43 years old,

states that he should serve the balance of his sentence under home confinement based on his medical condition of debilitating ulcerative colitis. The Government opposes Mr. Cerkoney's motion on the merits, stating that Mr. Cerkoney has failed to demonstrate the presence of extraordinary and compelling reasons for release and that granting his motion would upset the sentencing factors stated in 18 U.S.C. § 3553(a). ECF 103. As explained by the Government:

> From January 2019 to October 2020, while he was still on probation for a previous firearm conviction, defendant conspired to broker bulk marijuana shipments from Washington and Oregon to various states across the country where marijuana sales were prohibited. PSR ¶ 14. Defendant was directly involved in every stage of the process: he stored bulk marijuana at multiple sites including his home, loaded transport trucks for interstate shipping, traveled to the destination states to take delivery of the shipments, sold the marijuana to customers, mailed the proceeds back to Portland, and laundered the profits through a front business he created. PSR ¶¶ 14–18.
>
> On October 29, 2020, a search of defendant's residence resulted in the seizure of a multiple-caliber rifle, four commercial-grade vacuum sealers, a scale, multiple rounds of ammunition, three cell phones, nearly $140,000 in cash, multiple containers and bags containing over 60 pounds of marijuana, and multiple forged identification documents showing defendant's photograph but bearing the name of "Paul Cavanaugh." PSR ¶¶ 19–21. The investigation into the drug trafficking organization as a whole resulted in the seizure of over 5,000 pounds of marijuana, 48 pounds of butane oil, approximately $299,000 in cash, a boat, multiple vehicles, a firearm, and various pieces of high-end jewelry. PSR ¶ 23.

ECF 103 at 2. Mr. Cerkoney replied but essentially did not rebut these facts. ECF 110.

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as "compassionate release," to reduce a defendant's sentence when there are "extraordinary and compelling reasons." Under the original statute, only the Director of the BOP, acting on a

defendant's behalf, could file a motion for sentence reduction under § 3582(c)(1)(A). *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021).

In the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to allow a defendant, after first requesting the BOP to move for a sentence reduction on the defendant's behalf, directly to ask the district court for a reduction in sentence. In relevant part, that statute reads:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . *after considering the factors set forth in section 3553(a)* to the extent that they are applicable, if it finds that . . . [e]xtraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

Mr. Cerkoney's early release would undermine the sentencing factors listed in 18 U.S.C. § 3553(a). The nature of his underlying offense is significant. The sentence ordered by the Court was necessary to reflect the seriousness of this offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to future criminal conduct, and protect the public.

Because compassionate release is not warranted in this case, the Court DENIES Mr. Cerkoney's motion for early release. ECF 96.

**IT IS SO ORDERED.**

DATED this 3rd day of January, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge